**JOHN L. BURRIS, Esq., SBN 69888**
**BEN NISENBAUM, Esq., SBN 222173**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO MEDINA, individually and as Successor-in-Interest to Decedent GERARDO JORGE MEDINA,<br><br>    Plaintiff,<br>v.<br><br>CITY OF SAN JOSE, a municipal corporation; and DOES 1-25, in their individual and official capacities as Police Officers for the City of San Jose<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br><u>JURY TRIAL DEMANDED</u> |

## **INTRODUCTION**

1. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the death of Decedent

1  GERARDO JORGE MEDINA, who died as a result of the unreasonable and
2  unwarranted search and seizure by Defendant CITY OF SAN JOSE employees
3  which delayed Decedent receiving necessary medical treatment and ultimately
4  caused his death.    Plaintiff has requested information pertaining to this matter
5  from Defendant CITY OF SAN JOSE, including the identities of the involved
   officers, but Defendant CITY OF SAN JOSE has refused to provide the requestd
6  information.
7      2.   Decedent, 16-year old GERARDO JORGE MEDINA, was caught in the
8  crossfire when a gunfight broke out at a party he was attending.  As Decedent
9  MEDINA'S friends were rushing him to a nearby emergency room, they were
10 stopped for unknown reasons, by yet-to-be identified, Defendant CITY OF SAN
11 JOSE Police Officers. Instead of rendering aid and calling for medical assistance,
12 the CITY OF SAN JOSE Police Officers unreasonably, and intentionally or
   negligently, delayed the medical care that would have saved Decedent
13 MEDINA'S life by performing a felony vehicle stop when no one in the vehicle
14 was reasonably suspected of committing any crime, and individually removing
15 all of the occupants from the car and questioning them, despite their pleas for the
16 officers to help Decedent MEDINA. The defendant officers then dragged
17 Decedent MEDINA out of the car before finally summoning medical assistance
18 for him. Decedent MEDINA died as a result of the Defendant officers failure to
   render aid and summon timely medical attention for him.
19      3.  This action seeks to recover damages for the violation of rights
20 personal to Decedent and the rights of his only surviving heir, his father
21 FERNANDO MEDINA. This action is maintained on behalf of Decedent, by his
22 successor-in-interest, FERNANDO MEDINA, his biological father.
23
24
25
26
27
28

COMPLAINT FOR DAMAGES

## JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of San Jose, Santa Clara County, California, which is within this judicial district.

## PARTIES

5. Decedent, GERARDO JORGE MEDINA, was an individual residing in the County of Santa Clara, State of California. Decedent was an unmarried minor, with no children at the time of his death and died without leaving a will.

6. Plaintiff, FERNANDO MEDINA, is now and at all times mentioned herein a natural person. Plaintiff is the father of Decedent GERARDO JORGE MEDINA. He brings this action on his own behalf and as Successor-in-Interest for Decedent GERARDO JORGE MEDINA. Decedent MEDINA's biological mother is deceased.

7. Defendant CITY OF SAN JOSE (hereinafter "CITY") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. Under its authority, the CITY OF SAN JOSE operates the San Jose Police Department.

8. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or unlawful use of force. Each defendant is liable for his/her personal conduct, vicarious or imputed

1  negligence, fault, or breach of duty, whether severally or jointly, or whether
2  based upon agency, employment, ownership, entrustment, custody, care or
3  control or upon any other act or omission.  Plaintiff will ask leave to amend this
4  complaint subject to further discovery.

5  9.  In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

6  10. In doing the acts and/or omissions alleged herein, Defendants, and
7  each of them, acted under color of authority and/or under color of law.

8  11. Due to the acts and/or omissions alleged herein, Defendants, and each
9  of them, acted as the agent, servant, and employee and/or in concert with each of
10 said other Defendants herein.

11 12. For State causes of action related to Federal claims, Plaintiffs are
12 required to comply with an administrative claim requirement under California
13 law.  Plaintiff requested to file a late administrative claim with the CITY OF
14 SAN JOSE on December 30, 2013. The CITY OF SAN JOSE rejected the late
15 claim filing on January 14, 2014.  On March 3, 2014, Plaintiff filed a 'Petition
16 for Order Relieving Petitioner from Provisions of Government Code Section
17 945.6,' in Santa Clara County Superior Court. The matter was heard on August 5,
18 2014 and was unopposed by Defendant CITY OF SAN JOSE. That same day, the
19 Santa Clara County Superior Court granted Plaintiff's petition, permitting the late claim filing.

20
## FACTS

21 13.   On June 13, 2013, at approximately 12:00 a.m., 16-year old
22 Decedent  GERARDO JORGE MEDINA was at a party on Murtha Road, in San
23 Jose.  An unknown person began shooting at someone else attending the party
24 and Decedent MEDINA was struck with a stray bullet in his abdomen. Decedent
25 MEDINA's girlfriend, Destiny Chavez and several friends placed Decedent
26 MEDINA in a car and attempted to rush him to the emergency room.

27 14. As Decedent MEDINA's friends were rushing him to a nearby

28

4
COMPLAINT FOR DAMAGES

emergency room, their car was stopped for unknown reasons, by yet-to-be identified, Defendant CITY OF SAN JOSE Police Officers DOES, near the intersection of Story Road and White Road, in San Jose.

15. The car full of young Latino occupants frantically notified the officers that Decedent MEDINA was the victim of a violent crime and was bleeding profusely.

16. The officers did not attempt to render aid to Decedent MEDINA, despite being the sole cause of his delay in reaching the emergency room. Instead of rendering aid and calling for medical assistance, the CITY OF SAN JOSE Police Officers left Decedent MEDINA in the car and delayed the medical care that could have saved Decedent MEDINA's life. Inexplicably the officers removed all of the occupants from the car and questioned them while Decedent MEDINA lay bleeding in the car.

17. The passengers continued to plead with the officers to help Decedent MEDINA. The officers finally dragged Decedent MEDINA out of the car before finally summoning medical assistance for him.

18. Decedent MEDINA passed away at Regional Medical Hospital. He was 16-years old.

19. Decedent MEDINA died as a result of Defendant CITY OF SAN JOSE Police Officer's unwarranted and unjustified failure to provide lifesaving medical care and/or delay of lifesaving medical care.

20. The actions of the Defendant CITY OF SAN JOSE Police Officer's directly interfered with and delayed Decedent MEDINA from receiving lifesaving medical care, which subsequently resulted in his premature, avoidable, and unnecessary death.

## DAMAGES

21. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff FERNANDO MEDINA was physically, emotionally and financially injured and damaged as a proximate result of

5
COMPLAINT FOR DAMAGES

Decedent GERARDO JORGE MEDINA's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

22. Plaintiff FERNANDO MEDINA is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b). Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

23. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiff is further entitled to recover for damages incurred by decedent before he died as the result of being denied immediate medical attention and of being deprived without due process of decedent's right to life, and Plaintiff is entitled to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. For Plaintiffs' Federal Claims, Plaintiff is also entitled to recover for Decedent's pain and suffering incurred from the initation of the unreasonable detention up his death.

24. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights and the rights of decedent under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**

**(Survival Action: Violation of Decedent's civil rights 42 U.S.C. § 1983)**

(FERNANDO MEDINA as Successor-in-Interest for Decedent GERARDO JORGE MEDINA Against DOES 1 - 25)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this complaint.

26. The foregoing claim for relief arose when Decedent was forced to endure a great amount of conscious pain and suffering as a result of Defendants' actions, and Decedent would have been the Plaintiff with respect to this claim if he had lived.

27. Defendants acted under color of law by unreasonably seizing and detaining Decedent without lawful justification, subjecting Decedent to unreasonable force, and by

6
COMPLAINT FOR DAMAGES

depriving him of medical care, thereby depriving Decedent of certain constitutionally protected rights as are substantively guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Wrongful Death-- 42 U.S.C. § 1983)

(FERNANDO MEDINA, Successor-in-Interest to GERARDO JORGE MEDINA Against DOES 1 – 25)

28. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29. Defendants DOES 1-25 acted under color of law by unlawfully and unreasonably detaining and by interfering with and refusing to provide Decedent GERARDO JORGE MEDINA lifesaving medical attention without lawful justification, thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures and the right to be free from excessive force and unlawful detention, as guaranteed by the Fourth Amendment to the United States Constitution;
   b. Unreasonably interfering in Decedent's emergency medical needs in violation of the Fourth Amendment and being deliberately Indifferent to Decedent's medical needs, in violation of substantive Due Process guarantees of the Fourteenth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Violations of Plaintiff's Rights to Familial Relationship - 42 U.S.C. § 1983)

(FERNANDO MEDINA against Defendants DOES 1 – 25)

30. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1

7

COMPLAINT FOR DAMAGES

through 29 of this Complaint.

31. Defendants, acting under color of law, and without due process of law, deprived Plaintiff of his right to a familial relationship with Decedent GERARDO JORGE MEDINA by unlawfully and unreasonably seizing Decedent and by interfering with and refusing to provide Decedent lifesaving medical attention which resulted in Decedent's death, all without provocation, in violation of rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Wrongful Death - Negligence)**

**(C.C.P. §377.60 and 377.61)**

(FERNANDO MEDINA, individually and as Successor-in-Interest to GERARDO JORGE MEDINA against CITY and DOES 1-25)

32. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

33. At all times herein mentioned, DOES 1 – 25 inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons in their care, through their use of force and making of arrests, and in providing medical care to Decedent, a shooting victim.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiff and Decedent to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants DOES 1-25.

34. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, loss of consortium, familial support, financial support, and damages.

Plaintiff is entitled to recover wrongful death damages.

35. As a further actual and proximate result of said Defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

36. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claim damages from said defendants for the wrongful death of Decedent, and the resulting injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION

### (Violation of CA Civil Code § 52.1)

(FERNANDO MEDINA, as Successor-in-Interest to Decedent GERARDO JORGE MEDINA against CITY and DOES 1 – 25)

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 of this Complaint.

38. Defendants' above-described conduct, acting in the course and scope of their employment for Defendants CITY, violated California Civil Code section 52.1 in that they interfered with and attempted to interfere with Decedent's exercise and enjoyment of his civil rights through the use of wrongful and unlawful seizure by unreasonably detaining Decedent whom they did not suspect of committing a crime and by depriving him of medical care of which he was visibly in need, all accomplished through force, threats, intimidation and coercion.

39. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Decedent suffered violation of his constitutional, state, and statutory rights, and suffered damages as set forth herein.

40. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Decedent's successors-in-interest pursuant to respondeat superior.

41. Decedent's successors-in-interest is entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Violation of State Statutory Rights)

### (Violation of CALIFORNIA CIVIL CODE §51.7)

(FERNANDO JORGE MEDINA, Successor-in-Interest to GERARDO JORGE MEDINA against Defendants CITY and DOES 1 – 25)

42. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants DOES 1-25, inclusive, as described herein, was motivated by racial prejudice against Decedent MEDINA. Decedent was readily recognizable as Latino male and was riding in a car occupied by Latino individuals.

44. Plaintiff is informed and believes that the actions of DOES 1-25 in detaining the occupants of the vehicle was based on their status as Latino individuals. Defendants violated Decedent's rights under California Civil Code § 51.7 to be free from discrimination and adverse treatment committed against him because of his race.

45. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code § 51.7, reasonable attorney's fees and an additional $25,000.00.

46. As a proximate result of Defendants' wrongful conduct, Decedent suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

47. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;
2. For special damages, including but not limited to, past, present and/or future

wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants and/or DOES 1 through 25 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. Section 794a;

6. For cost of suit herein incurred;

Dated: September 4, 2014

**THE LAW OFFICES OF JOHN L. BURRIS**

*/s/ John L. Burris*
John L. Burris, Esq.
Attorney for Plaintiff
FERNANDO MEDINA

11
COMPLAINT FOR DAMAGES